

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. Jay Jackson
County Attorney
Somervell County
Glen Rose, Texas

Dear Sir:

Opinion No. O-1704
Re: Legality of operation of
dog-rabbit races under
plan set forth.

Thank you for your letter of November 14,
1939, requesting the opinion of this department as
to the legality of the operation of dog-rabbit races
under the following plan set forth in your letter.
We quote:

"1. The proposed race is to be con-
ducted between inclosed side walls, with
such track between such inclosed walls
with opening at end of race course for the
escape of the jack rabbit if he out-runs
the dogs.

"2. Each man that enters a dog pays
$1.00 entrance fee on each such dog; if his
dog wins the first try, he gets his dollar
back and is up for a second race; if he wins
the second race, he gets $1.00 and his entry
is paid for to the finals, or the last race
he gets the $2.00 that remains in the award
pot.

"The statement made under 2 above on
the assumption that there is going to be
an eight dog stake. The dog owners enter
their dogs by paying the entrance fee as
stated, and the dogs' names are written

down and put into a hat and are then drawn out in pairs. Each pair that is selected or so drawn are considered matched. From then on the races are carried on and it is a process of elimination - the dog winning the last race from being able to win to the finals, of course, is the winner of the stakes made from the entrance fees and not paid on the successive races prior to the final race.

"3. The dogs are judged on points on the dog that has the most points at the end of each race. And the one with the most points at the end is adjudged the final winner.

"4. It is contemplated that the promoters and investors into the equipment, shall charge an admission fee to see the races."

Of course, as you are aware, betting on dog races is expressly prohibited by Article 646a, Penal Code, 1925, which reads in part as follows:

"Art. 646a. Dog races, betting on; keeping place for betting on races; corporations for promotion of dog racing prohibited

"Section 1. Hereafter it shall be unlawful for any person to bet or wager money or thing of value upon any dog race, or upon the result of any race, speed, skill, or endurance contest, of, by or between dogs, run or to be run or held in this State or elsewhere.

"Section 2. Whoever violates any provision of this Act shall upon conviction, be fined not less than Two Hundred ($200.00) Dollars, nor more than Five Hundred ($500.00) Dollars, and be imprisoned in jail not less than thirty (30) days, nor more than ninety (90) days.

"Section 3. If any person shall keep or be in any manner interested in keeping any premises, building, room or place for the purpose of being used as a place to bet or wager upon dog races or contests of speed, skill or endurance of, by or between dogs, or to keep or to exhibit for the purpose of gaming any such premises, building, room or place whatsoever, or as a place where people resort to gamble, bet or wager upon any such dog race or contest, he shall upon conviction be confined in the penitentiary not less than two (2) nor more than four (4) years. Any premises, building, room or place shall be considered as used for gaming or to gamble with or for betting or wagering if any money or anything of value is bet on such dog race or contest or if the same is resorted to for the purpose of gaming or betting upon any such dog race or contest.

"Section 4. * * *

"Section 5. It shall be the duty of all peace officers to arrest with or without a warrant any and all persons violating any provisions of this Act, whenever such violation shall be within the view or knowledge of such peace officer.

"Section 6. * * *"

We also call your attention to Section 4 of Article 646a, Penal Code, prohibiting the establishment of corporations for the operation of dog races:

"Section 4. No corporation, private or otherwise, may be organized, formed, chartered or authorized to do business in this State which has for its purpose directly or remotely, the operation or running of dog races, or contests of speed, skill or endurance of, by or between dogs, or the maintenance, furnishing, leasing or renting

of a track, place, enclosure, unenclosure,
room, building or combination of either
where dog races or contests of speed, skill
or endurance of, by or between dogs are, or
may be held, run, raced or exhibited.

"The charter or permit of any corpora-
tion now doing business in this State, may
be forfeited, under the provisions of law
governing the forfeiture of corporate char-
ters in this State, for any or all of the
grounds herein specified and set forth in
this section."

However, we do not believe that the operation
of dog races by individuals, a partnership or other busi-
ness organization (with the exception of a corporation)
is _malum in se_, nor is the operation of such business
prohibited by statute. In All Texas Racing Association,
et al, v. State, by Shook, Criminal District Attorney
(CCA, 1935), 82 SW (2d) 151, Affirmed 128 Texas 384,
97 SW (2d) 669, rehearing overruled, 128 Texas 384,
100 SW (2d) 348, the Court of Civil Appeals said:

"It is not an offense under the laws
of this State to keep a place where dog
races are run and betting upon the result
of such races is done under the pari mutuel
system." (Underscoring ours.)

(In so far as betting is concerned, this case was decided
in 1935 before the passage of Article 646a, Penal Code,
1937.)

Again the court said,

"And, since running dog races and
betting on them is not unlawful, the
keeping of premises for that purpose
is not, for that reason, subject to be
enjoined as a public nuisance." (Under-
scoring ours.)

" * * *

"The maintenance of a dog race track
is not a nuisance per se. Whether it is
a nuisance depends upon the facts of each

 case. Where, as here, the place was con-
ducted in an orderly manner and without in-
jury to the rights of others, it is not a
nuisance. (Citing authorities.)" (Paren-
thetical insertion ours.) (Underscoring
ours.)

Quoting from the language adopted by the Supreme
Court in the same case (97 SW (2d) 669 at page 671):

"We fully recognize the proposition
that the Legislature may create a common
nuisance, and provide for its abatement by
injunction, but, as shown above, Articles
4664 to 4666 do not make dog racing on pre-
mises such as here involved a nuisance."
(Underscoring ours.)

Consequently, you are respectfully advised, and
it is the opinion of this department that the mere opera-
tion of a dog race track is not in itself a nuisance per se,
and has not been made unlawful by the penal laws of this
State.

However, by this we do not mean to place the stamp
of approval on the entire scheme set forth in your letter.
On the contrary, we believe that in so far as the dog-owner
participants are concerned, their activities fall squarely
within the condemnation of Article 646a, Penal Code, supra,
as unlawful betting or wagering money on the results of a dog
race.

In Stearns vs. State, (Texas Supreme Court) 21 Tex.
692, Mr. Justice Roberts set forth the following oft quoted
definitions:

"A game is a trial of skill, or of
chance, or of skill and chance, between two
or more contending parties, according to
some rule by which each one may succeed or
fail in the trial; * * *.

"* * *

"Betting upon a game is the mutual
agreement and tender of a gift of something
valuable, which is to belong to the one or
other of the contending parties, according
to the result of such trial.

"The ordinary rules of the game (where there are no special rules stipulated) constitute the terms of the agreement, and define the contingency upon which one or the other is to receive the gift. The staking of money or other property, is an ostensible adoption or sanction of such agreement, and also a conditional tender. When the trial is accomplished the result tells who is the winner."

See also Long vs. The State, 22 Tex. Crim., 194, 2 S. W. 541, 58 Am. Rep. 633.

Ex parte Walsh, 59 Tex. Crim., 489, 129 S. W. 118.

We believe the case of Leber vs. Dibrell (C.C.A. 1919) 216 S. W. 477, is analagous to the situation presented in your letter. In that case an agreement was entered into between the parties to run a horse race, the owner of the fastest horse gets the stakes and if either failed or refused to race the other could get the stakes, and the court struck down the agreement as illegal betting on a horse race prohibited by Article 578, Penal Code, 1911.

The court said:

"The contention that the evidence failed to show that the money would be won by the fastest horse is utterly without foundation. Men do not usually put up money on the proposition that the slow horse should take the money, but, if this were the case it would not alter the fact that the money was to change hands at the end of a speed contest, and consequently that the whole affair was illegal. It was betting on a horse race which is condemned by the laws of Texas.

"* * *

"It may be, as stated by appellant, that 'horse racing is the sport of kings', but it is one of the sports of those delectable personages, when accompanied with gambling, which, like many others of their doubtful, if not criminal, pastimes, has been branded by the laws of civilization with disapproval and condemnation."

We have ruled that in so far as the dog-owner participants are concerned their activities are within the prohibition of Article 646a of the Penal Code. In so far as the operators of the dog race track are concerned, we call your attention to Section 3 of Article 646a, Penal Code, supra, which by its terms applies to the keeping of premises for the purpose of being used as a place to bet or wager upon dog races.

We also call your attention to Article 652a of the Penal Code, 1925, which reads in part as follows:

"Section 1. Any person who takes or accepts or places for another a bet or wager of money or anything of value on a horse race, dog race, automobile race, motorcycle race or any other race of any kind whatsoever, football game, baseball game, athletic contest or sports event of whatsoever kind or character; or any person who offers to take or accept or place for another any such bet or wager; or any person who as an agent, servant or employee or otherwise, aids or encourages another to take or accept or place any such bet or wager; or any person who directly or indirectly authorizes, aids or encourages any agent, servant or employee or other person to take or accept or place or transmit any such bet or wager shall be guilty of book making and upon conviction be punished by confinement in the State Penitentiary for any term of years not less than one (1) nor more than five (5) or by confinement in the county jail for not less than ten (10) days nor more than one (1) year and by a fine of not less than One Hundred ($100.00) Dollars nor more than One Thousand ($1,000.00) Dollars.

"Sec. 4. Any owner, agent, lessor or lessee of any real or personal property who shall knowingly use or knowingly permit such property to be used in connection with book making, as such term is herein defined, shall be guilty of a felony and upon conviction shall be punished as set forth under Section 1 of this Act.

"Sec. 6. Any room, place, building, structure or property or the furniture, fixtures or paraphernalia of whatsoever kind or character used in connection with the offense of book

making or pursuing the business of book making, as defined in this Act, are hereby declared to be public nuisances. Whenever the district attorney, criminal district attorney, county attorney or Attorney General has reliable information that such a nuisance exists he shall file a suit in the name of the State in the county where the nuisance is alleged to exist to abate such nuisance. If judgment be in favor of the State, then judgment shall be rendered abating said nuisance and enjoining the defendant or defendants from maintaining the same and ordering the said premises to be closed for one year from date of said judgment, unless the defendants in said suit or the owner, tenant or lessee of said property, make bond payable to the State at the county seat of the county where such nuisance is alleged to exist in the penal sum of not less than One Thousand ($1,000.00) Dollars nor more than Five Thousand ($5,000.00) Dollars with good and sufficient sureties to be approved by the judge trying the case conditioned that the acts prohibited in this law shall not be done or permitted to be done in or upon said premises or the terms of the injunction violated. On the violation of any condition of such bond or injunction the whole sum may be recovered as a penalty in the name and for the State in the county where such conditions are violated, all such suits to be brought by the district attorney, criminal district attorney, county attorney of such county, or the Attorney General of Texas."

Consequently, you are respectfully advised and it is the opinion of this department that the dog race plan set forth in your letter falls squarely within the corners of Article 646a of the Penal Code, 1925, and is

prohibited by that article.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

(s)

Walter R. Koch
Assistant

By

(s)

James D. Smullen

JDS:LW

APPROVED: Nov. 29, 1939
Gerald C. Mann (s)
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY B.W.B
CHAIRMAN